# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

RONALD DEAN PALMER, )
 )
      Plaintiff, )
 )
  v. ) No. 10-0517-SSA-CV-C-MJW
 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
 )
      Defendant. )

## ORDER

Plaintiff Ronald Dean Palmer seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The parties' briefs are fully submitted, and an oral argument was held on August 2, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Ronald Dean Palmer (hereinafter "Palmer") was born on February 15, 1958. Palmer claims disability beginning June 1, 2002, due to back pain, abdominal pain, carpal tunnel syndrome, asthma and depression.

The Administrative Law Judge (ALJ) found that claimant suffered from mild degenerative disc disease, status-post hernia, status-post right carpal tunnel syndrome release, and mild asthma and depression controlled by medication, but no impairments that meet or equal in severity to the requirements of any impairment listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found that claimant's allegations of impairments of sufficient severity to prevent the performance of any sustained work activity were not credible. The ALJ determined claimant to have a residual functional capacity to perform the physical and nonexertional requirements of work except probably for lifting and carrying more than ten pounds frequently or more than twenty pounds occasionally. The ALJ specifically found that claimant did not suffer from any credible medically-established mental or other nonexertional limitations. The ALJ determined that, while not able to perform past relevant work, claimant could perform a full range of light work.

Plaintiff alleges the ALJ erred in the fifth step of the Social Security disability analysis. Specifically, plaintiff alleges that the ALJ failed to properly consider his nonexertional limitation of depression. Plaintiff argues that the ALJ improperly reached his opinion as to plaintiff's depression based on the ALJ's own lay conclusions and without supporting medical evidence.

Plaintiff also alleges that the ALJ's reliance solely on the Medical-Vocational Guidelines to determine whether he had the residual functional capacity to perform the full range of sedentary and/or light work was error. Plaintiff alleges the ALJ improperly failed to obtain the opinion of a vocational expert who could testify as to the effect of plaintiff's impairments on his residual functional capacity.

The Government argues there is substantial evidence in the record to support that plaintiff's mental and physical impairments did not result in any nonexertional limitations that significantly diminished his ability to perform the full range of light work. The Government argues that, therefore, the ALJ properly relied on the Medical Vocational Guidelines to find that plaintiff could perform other work existing in significant numbers in the national economy.

After carefully reviewing the record, this court finds that the administrative record is not sufficiently developed to make a determination as to the level of depression of which Palmer was suffering. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). The ALJ erred in relying on his own deductions from the records in making the determination that claimant's depression was situational only, and therefore, did not significantly limit claimant's ability to perform nonexertional work. Therefore, this case is remanded for further development of the record in the form of: 1) a mental health consultant to review plaintiff's mental health records to determine the level of depression of which Palmer was suffering during the relevant period of March 2006 through December 2007, and to determine any nonexertional limitations; and 2) for such nonexertional limitations, if any, to be considered in plaintiff's RFC and presented to a vocational expert to determine whether a claimant retains the residual functional capacity to perform other jobs existing in significant numbers in the national economy.

Accordingly,

IT IS ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further development of the record and reconsideration.

Dated this 10th day of August, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge